IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA DE LURDES FERRO COELHO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | NO.: |
| AMERICAN AIRLINES, INC. | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff, MARIA DE LURDES FERRO COELHO, by and through her attorneys, Bohrer & Lukeman, PLLC, and Speiser Krause, P.C., as and for her Civil Action Complaint against Defendant, AMERICAN AIRLINES, INC., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

This lawsuit arises out of events stemming from AMERICAN AIRLINES Flight AA258 ("Flight 258"), which departed on April 10, 2026, from Philadelphia International Airport ("PHL") with a final non-stop destination at Humberto Delgado Airport in Lisbon, Portugal ("LIS"). Due to her advanced age and impaired mobility, Plaintiff (a fare-paying passenger on Flight 258) had requested (prior to the flight) that AMERICAN AIRLINES provide her with wheelchair assistance both upon boarding Flight 258 in PHL and upon disembarking said flight in LIS, as well as to provide her with additional assistance while ambulating and/or traversing through both PHL and LIS. Although these services were provided at PHL, said services were not provided upon Plaintiff's arrival and disembarking at LIS, despite Plaintiff having re-confirmed prior to her departure from PHL that such assistance would be needed upon arrival at LIS (and which services AMERICAN AIRLINES agreed to provide at LIS). As a result of Defendant AMERICAN AIRLINES' failure to provide these services, Plaintiff, upon disembarking Flight 258 and/or traversing the LIS airport environment, fell, resulting in her sustaining serious and permanent

injuries.

For the reasons more particularly set forth below, Defendant AMERICAN AIRLINES, INC., under Article 17 of the Convention for the Unification of Certain Rules Relating to International Carriage By Air, is strictly liable and/or otherwise liable to Plaintiff for the injuries and damages she suffered and continues to suffer.

## THE PARTIES

1. Plaintiff MARIA DE LURDES FERRO COELHO ("Plaintiff") is a citizen of the State of Delaware residing at 241 Westmoreland Avenue, Wilmington, Delaware, 19804 and at all times material hereto, was a fare-paying passenger lawfully aboard Flight 258.

2. Defendant AMERICAN AIRLINES, INC., d/b/a American Airlines (hereinafter, "Defendant AMERICAN"), is a Delaware corporation with a principal place of business located at 1 Skyview Drive, Fort Worth, Texas, 76155 but at all times material hereto, Defendant AMERICAN is authorized to and does, in fact, regularly and continuously conduct and transact business within the Commonwealth of Pennsylvania and in this judicial district sufficient to satisfy the requirements for exercising general and/or specific jurisdiction and venue over this defendant, as more particularly set forth herein.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that a federal question is presented under the laws and treaties of the United States through Article 17 of the Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, on May 28, 1999 (hereinafter, the "Montreal Convention"). Although unnecessary to invoke this Court's jurisdiction under 28 U.S.C. § 1331, a separate and independent basis of subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship between the parties and the amount in controversy being certified in excess

of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4. The Eastern District of Pennsylvania is an appropriate venue in which to pursue this action under 28 U.S.C. § 1391 (b), (c) and (d) in that Defendant AMERICAN is a foreign corporation who, for venue purposes, resides in and is subject to personal jurisdiction within this District both as of the time this action is being commenced and at the time the events giving rise to this cause of action occurred, and, upon information and belief, a substantial part of the alleged negligent events, acts or omissions giving rise to this cause of action occurred in this District, as more particularly described below.

5. *In personam* jurisdiction and venue are proper in the Commonwealth of Pennsylvania since Defendant, AMERICAN: (1) has offices and transacts business in the Commonwealth of Pennsylvania; (2) purposefully availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania, and (3) has continuous and systematic contacts with the Commonwealth of Pennsylvania. In addition, Defendant AMERICAN is a common carrier of passengers by air and the contract of carriage and travel as well as the flight which led to the events, acts and/or omissions which form the basis of and which give rise to this cause of action originated and concluded in the Commonwealth of Pennsylvania, and thus, this action arises out of and/or relates to Defendant AMERICAN'S contacts with Pennsylvania.

6. *In personam* jurisdiction is also proper pursuant to 42 Pa. C.S. § 5301(a) et seq. in that Defendant AMERICAN has consented to general jurisdiction in the Commonwealth of Pennsylvania by virtue of voluntarily registering to do business in this Commonwealth.

## ADDITIONAL BACKGROUND FACTS IN SUPPORT OF JURISDICTION AND VENUE

7. Defendant AMERICAN is a common carrier engaged in the business of transporting passengers for hire by air, both domestically and internationally, and operating regularly scheduled passenger flights from within this judicial district, namely Philadelphia

International Airport, located in Philadelphia, Pennsylvania (PHL).

8. According to its website, AMERICAN is the "world's largest airline", and "employs more than 700 aviation maintenance professionals… and 1,400 team members working in Technical Operations across Pennsylvania."

9. Defendant AMERICAN'S website further states that "American's PHL hub serves as the airline's trans-Atlantic gateway, providing nonstop access to 18 destinations in Europe … that began this year. American's recent investment in a reimagined schedule structure at PHL is driving improvements in reliability and customer experience."

10. At the time of the incident herein, Defendant AMERICAN operated multiple regularly scheduled daily flights to and from PHL.

11. In or around the time of the incident herein, Defendant AMERICAN sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived revenue on a daily basis from its business operations in, the Commonwealth of Pennsylvania.

12. In or around the time of the incident herein, Defendant AMERICAN advertised the sale of commercial airline travel in various mediums within the Commonwealth of Pennsylvania.

13. In or around the time of the incident herein, Defendant AMERICAN maintained numerous employees within the Commonwealth of Pennsylvania.

14. In or around the time of the incident herein, Defendant AMERICAN maintained multiple ticketing counters and sold airline tickets within PHL.

15. In or around the time of the incident herein, Defendant AMERICAN purchased aviation fuel, catering meals, and other aircraft services and supplies on a daily basis within the Commonwealth of Pennsylvania.

16. In or around the time of the incident herein, Defendant AMERICAN owned and/or

rented offices or otherwise occupied real estate within the Commonwealth of Pennsylvania.

17. In or around the time of the incident herein, Defendant AMERICAN owned and/or operated aircraft repair and maintenance facilities within the Commonwealth of Pennsylvania.

18. In or around the time of the incident herein, Defendant AMERICAN transported thousands of passengers daily to and from the Commonwealth of Pennsylvania.

19. In or around the time of the incident herein, Defendant AMERICAN purposefully availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania.

20. The subject accident and this cause of action both arise out of Defendant's contacts with the Commonwealth of Pennsylvania.

## COUNT I – CAUSE OF ACTION AND CLAIM FOR RELIEF UNDER THE "MONTREAL CONVENTION"

21. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth at length herein.

22. On or about April 10, 2026, Defendant AMERICAN was and is a common carrier engaged in the business of transporting passengers for hire by air, and, among other things, operated multiple flights to and from the United States and, more particularly, to and from PHL, including multiple regularly scheduled international commercial airline flights to and from the United States and, more particularly, to and from the Commonwealth of Pennsylvania, including flights from PHL to LIS (the "subject flight").

23. Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action ("the contract of carriage") originated and concluded in the Commonwealth of Pennsylvania, and within this judicial district.

24. On or about April 10, 2026, Defendant AMERICAN owned, operated, and controlled a certain jet aircraft ("the subject aircraft") designated as AMERICAN AIRLINES Flight AA258 from PHL to Humberto Delgado Airport in Lisbon, Portugal (LIS).

25. Prior to and on April 10, 2026, Plaintiff, a woman of advanced age, suffered from impaired mobility and required wheelchair assistance boarding and disembarking aircraft, and other assistance and services ambulating through airports.

26. Prior to the subject flight, wheelchair assistance was requested (along with other services and assistance) by and/or for the Plaintiff at every airport along her itinerary, including at LIS.

27. Upon check-in for the subject flight at PHL, Plaintiff reiterated, and Defendant's agent, servant, employee, and/or contractor confirmed, her wheelchair assistance status and that a wheelchair would be waiting for her upon arriving at LIS.

28. Defendant AMERICAN, by and through its employees, agents, servants, representatives, workmen and/or contractors, was responsible and had a duty to ensure the safety of its passengers as they disembarked from the subject flight in general and specifically, to provide wheelchair services to those passengers who had requested such service, including Plaintiff and those in her position.

29. Upon arrival at LIS, Defendant AMERICAN, by and through its employees, agents, servants, representatives, workmen and/or contractors breached their duties by, among other things, failing to provide Plaintiff with wheelchair services during the disembarkation process, and/or other assistance ambulating or traversing through LIS, despite Defendant AMERICAN'S express promise, agreement and representation that it would do so and/or otherwise ensure that such services would be provided, upon Plaintiff's arrival at LIS.

30. On April 10, 2026, while disembarking the subject flight and as a result of Defendant AMERICAN'S failure to provide the requested services, Plaintiff fell due to Defendant's failure, by and through its employees, agents, servants, representatives, workmen and/or contractors, to provide wheelchair assistance services and/or to otherwise assist her at LIS.

31. On April 10, 2026, the failure by the Defendant, by and through its employees, agents, servants, representatives, workmen and/or contractors to provide Plaintiff with a wheelchair and to otherwise assist her was unexpected and unusual, and external to the Plaintiff, causing her to fall and suffer injuries.

32. Pleaded in the alternative and without prejudice to anything stated herein to the contrary, on April 10, 2026, ground agents at LIS assisted with, supervised, managed or otherwise controlled the disembarkation process of the subject flight and performed various functions therein, including but not limited to providing wheelchairs and wheelchair attendants, and ensuring that wheelchair passengers safely disembarked from the subject flight.

33. At all times material hereto, said ground agents were employees, agents, servants, representatives, workmen and/or contractors of Defendant AMERICAN.

34. Pleaded in the alternative and without prejudice to anything stated herein to the contrary, said ground service agents were Defendant's agents, servants, representatives, workmen and/or contractors in that they provided or performed a function essential to AMERICAN's performance of its contract of carriage with Plaintiff and those in her position, thus making Defendant liable for the malfeasance, misfeasance and negligent acts, omissions or conduct of those ground service agents.

35. At all times material hereto, Defendant AMERICAN expressly and/or impliedly represented to and assured Plaintiff and those in her position (and to the public at large) that said ground agents served AMERICAN in the capacity as Defendant's agents, servants, workmen and/or employees, upon which representations and assurances Plaintiff justifiably relied to her detriment and harm.

36. At all times material hereto, and based upon the foregoing, Defendant AMERICAN is liable (strictly or otherwise) for its own acts, omissions or conduct which caused or contributed

to this accident which resulted in injury and harm to Plaintiff, and Defendant AMERICAN is also liable (strictly or otherwise) for the acts, omissions or conduct of said ground agents which caused or contributed to cause this accident which resulted in injury and harm to Plaintiff.

37. On April 10, 2026, said failure to provide a wheelchair and other necessary assistance while disembarking, and Plaintiff's subsequent fall and resulting injuries were caused by an accident, or namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft, as a result of which Defendant AMERICAN is liable (strictly or otherwise) to Plaintiff.

38. Said accident was caused by and occurred due to the negligence, carelessness and/or recklessness of Defendant, and/or its agents, employees, servants, representatives, workmen and/or contractors.

39. As a result of said accident, Plaintiff was seriously and permanently injured and has suffered severe pain, agony, suffering and mental anguish and will continue to so suffer in the future, all for which she seeks reimbursement.

40. As a result of said accident, Plaintiff suffered and/or incurred economic loss (including medical bills and expenses) and will continue to so suffer in the future, all for which she seeks reimbursement.

41. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits, and interests and will continue to be so deprived in the future.

42. As a result of the foregoing, Defendant is liable (strictly or otherwise) to pay full and fair damages to Plaintiff pursuant to the Montreal Convention.

43. Pursuant to Article 21 of the Montreal Convention, Defendant AMERICAN cannot limit its damages since it cannot prove its negligence did not cause or contribute to the accident and Plaintiff's resulting injuries.

44. Pursuant to Article 21 of the Montreal Convention, Defendant AMERICAN cannot limit its damages since it cannot prove Plaintiff's accident and injuries were caused solely by the acts of third parties who were not Defendant's employees, servants, workmen, representatives and/or contractors, all for which Defendant AMERICAN otherwise is and remains liable and responsible.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

Dated: November 24, 2026

Speiser Krause, PC

*/s/ Richard E. Genter*________
Richard E. Genter, Esq.
PA Bar ID No. : 30419
2617 Huntingdon Pike, Suite 101,
Huntingdon Valley, PA 19006 |
(215) 884-8190
reg@speiserkrause.com
and
Abram I. Bohrer, Esq.
Bohrer & Lukeman, PLLC
5 Columbus Circle, Suite 1501
New York, NY 10019
(212) 406-4232
*Application for admission pro hac vice to be submitted*

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands a jury of twelve (12) persons for all claims stated.